IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AL COHEN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:17-CV-02484 |
| | § | |
| ALLSTATE INSURANCE COMPANY, | § | JURY TRIAL DEMANDED |
| And RACHAEL GRESSETT RAY, | § | |
|     Defendants. | § | |

## ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW, the Plaintiff, Al Cohen ("Cohen"), and files this Original Complaint and Jury Demand complaining of and against Defendants, Allstate Insurance Company and Rachael Gressett Ray, and in support hereof would respectfully show unto the Court the following:

## JURISDICTION AND VENUE

2. This action arises under the National Flood Insurance Act, 42 U.S.C. §4001, et. seq., pursuant to the insurance contract issued to the Plaintiff. This action, having arisen under an applicable federal statute, namely 42 U.S.C. §4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction to hear the related state law claims alleged in this Complaint pursuant to 28 U.S.C. §1367(a) in that the federal and state claims derive from a common nucleus of operative facts and because the claims are ones ordinarily expected to be tried in one judicial proceeding.

4. Venue is properly in this District pursuant to 42 U.S.C. §4053 and/or §4072 in that the insured property made the basis of this action is located at 26 Bash Place, Houston, Harris County, Texas 77027 and situated within this District.

1

## PARTIES

5. Plaintiff, Al Cohen ("Cohen"), is an individual resident of Texas residing at 26 Bash Place, Houston, Harris County, Texas 77027 (the "Property"). Service of process is neither requested, nor necessary at this time.

5. Defendant, Allstate Insurance Company ("Allstate"), is an admitted foreign insurance company organized in Illinois and participating in FEMA's "Write Your Own" (WYO) program. Allstate maintains its principle place of business at 3075 Sanders Road, Suite H1a, Northbrook, Illinois 60062-7127. Allstate conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Allstate issued a Standard Flood Insurance Policy ("SFIP") in its own name, as fiscal agent of the United States, to the Plaintiff. Pursuant to 44 C.F.R. §62.23(d) and (i)(f), Allstate is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy. Accordingly, Allstate may be served with notice of this suit, by serving Summons and a true and copy of the Complaint attached thereto upon CT Corporation System, its designated agent for service of process at its registered address, 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201-3116.

6. Defendant, Rachael Gressett Ray ("Ray"), is a licensed Texas property and casualty insurance agent selling SFIP insurance policies on behalf of Allstate Insurance Company and does business in Houston, Harris County, Texas. Accordingly, Ray may be served with notice of this suit by personally serving Ray, with Summons and a true and copy of the Complaint attached thereto at her business address, 25775 Oak Ridge Dr., Suite 100, The Woodlands, Harris County, Texas 77380 or at whatever location she may be found.

## FACTUAL BACKGROUND

7. In this Complaint whenever it is alleged that the Defendants did any act or thing, it is meant that the Defendants' officers, agents, servants, employees, attorneys, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full, expressed, implied or apparent authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of the Defendants' officers, agents, servants, employees, attorneys or representatives.

8. Among other elements of damage, by this lawsuit, Cohen seeks to recover losses sustained as a result of flood damage to the contents of his residence, the contents of his garage apartment, and structural damage to the garage apartment located at 26 Bash Place, Houston, Harris County, Texas 77027 (the "Property").

9. On or prior to August 10, 2015, Cohen contacted Mr. James Kent ("Kent") with the Allstate Kevin Trinh Agency and asked for a quote for flood insurance for the Property. In connection with obtaining the flood insurance quote, Cohen notified Kent that he owned a detached garage that he had converted into an apartment or "grandma extension," and requested flood insurance coverage for each structure and contents thereof. Shortly thereafter, the Trinh Agency sent Cohen a quote for flood insurance.

10. On or about to September 15, 2015, Rachael Ray ("Ray") with the Allstate Roger Knight Agency contacted Cohen about his flood insurance needs. Apparently, Ray obtained Cohen's name from Kent or someone with Allstate because Cohen did not contact Ray. When questioned about this discrepancy, Ray responded that all agents Cohen had spoken with worked for Allstate. Once again, Cohen requested a quote for flood insurance and notified Ray that he owned a detached

garage that he had converted into an apartment or "grandma extension," and requested flood insurance coverage for each structure and contents thereof.

11.     In subsequent telephone conversations, Ray told Cohen that she could obtain coverage for the main residence, the garage apartment and the contents within each building on the same Policy. Cohen told Ray that these were separate detached structures and that Kent told him each needed a separate flood insurance policy. Ray stated that she had checked on the Property with the Harris County Appraisal District and that each structure was listed at the same property address and utilized the same utilities. In this situation, Ray told Cohen that he did not need separate flood insurance policies and that she could insure each building and the contents thereof under a single flood insurance policy. At the time, Ray made these statements and representations, she was acting as an employee and/or agent of Allstate. In reliance upon Ray's statements and representations, Cohen told Ray to purchase the Policy.

12.     In October, 2015, Ray called Cohen and told him that she had obtained the insurance Policy and needed a credit card number to process payment. At the time, Cohen was at an airport in Las Vegas, Nevada getting ready to board a flight to return to Houston, Texas. Once again, Cohen asked Ray if the Policy covered his residence and the garage apartment extension, including their contents. Ray told Cohen the Policy covered the main residence, the garage apartment extension, and the contents located in each structure. Cohen gave Ray his credit card number and the Policy was purchased.

13.     Allstate sold a flood insurance policy bearing Policy No. 4806043711 (the "Policy") to Cohen whereby Allstate agreed to pay Cohen for any direct physical loss to the insured Property caused by or from a "flood" as defined by the Policy in exchange for the payment of premiums. In lieu of attaching the Policy hereto, Cohen incorporates by reference, for all purposes, the provisions

4

of the SFIP, as set forth in 44 C.F.R. §61, Appendix A (1), which is the policy issued by Allstate to Cohen. The Policy term extended from October 3, 2015 through October 3, 2016. The Policy limits were $150,000.00 for buildings and $60,000.00 for contents.

14. On or about April 18, 2016 flood water damaged the main residence, the garage apartment and contents located in each structure. As a direct and proximate result of the flooding, Cohen suffered a direct physical loss to the insured Property. The damage to the main residence and its contents is covered under the Policy and occurred within the applicable Policy term. Despite Allstate and Ray's representations to Cohen, the damage to the garage apartment and its contents is not covered under the Policy.

15. After the flood, Cohen timely notified Allstate of the loss, filed an insurance claim with Allstate, and asked Allstate to adjust the claim and pay for the cost of repairs to the Property. Allstate assigned Claim Number 0412192874 to Cohen's claim.

16. Allstate inspected and adjusted the contents damage within the main residence on the Property and paid Cohen approximately $3,000.00 for the flood loss thereto. Cohen is dissatisfied with the adjustment and payment for the contents damage within the main residence from flood. Allstate has grossly underpaid and/or wrongfully denied the damages to contents located within the main residence on the Property. The denial of the residence contents claim and the actions taken by Allstate do not comply with the terms and conditions of the SFIP and/or does not compensate Cohen for direct physical loss sustained as a result of flood.

17. Allstate briefly considered the flood damage to the garage apartment and the contents therein. Without any payment, Allstate denied Cohen's claim with regard to the garage apartment and its contents located therein because the Policy does not provide coverage for this structure or its contents. Though dissatisfied with Allstate's denial, Cohen acknowledges that under the terms of the

5

Policy no coverage is afforded for this aspect of the loss. However, Cohen asserts a claim for the damages sustained to the garage apartment and its contents under state law causes of action for misrepresentation and violations of consumer protection statutes and the insurance code.

## CAUSES OF ACTION

18. Cohen repeats and incorporates, by reference, the allegations of paragraphs 1 through 17 above and paragraphs 28 and through 34 below, as if fully set forth herein.

19. Cohen alleges that violations of the common laws of the State of Texas were committed "knowingly" and with "gross negligence," "intent," and/or "malice" and as a result thereof, it is entitled to receive additional, statutory, and/or exemplary damages.

20. Cohen further alleges that in all of the conduct complained of herein, all employees, servants, agents and representatives of Allstate and Ray had actual, implied, or apparent authority to act on behalf of Allstate and Ray.

21. Cohen further alleges that all conditions precedent to recovery herein have been performed or have occurred and that each cause of action alleged herein is plead additionally and alternatively.

23. Without waiving the foregoing, but strictly relying upon the same, Cohen alleges that the actions and conduct of Allstate constitute a breach of contract. Cohen purchased insurance from Allstate. The insurance contract provides insurance coverage for the Property against loss from among other things: flood. Cohen paid all premiums for the Policy, timely reported the loss to Allstate, and requested adjustment of his claim. Despite full compliance with the Policy conditions, Allstate has failed and refused and continues to fail and refuse to pay the full amount due under the Policy for Cohen's claim. As a result, Allstate has breached the contract of insurance and as a direct

and proximate consequence of Allstate's breach of contract, Cohen has suffered actual, incidental, special, and consequential damages as set forth hereinbelow.

24. Without waiving the foregoing, but strictly relying upon the same, Cohen alleges that the actions and conduct of Allstate and Ray violate §541 *et. seq.* of the TEX. INS. CODE. Allstate and Ray represented to Cohen that the flood policy to be issued and issued covered his garage apartment and the contents located therein because it was situated on the same property has his main residence and shared the utilities with his main residence. All such representations were false and untrue. Allstate and Ray made the false representations knowingly, knowing they were false, or recklessly, as a positive assertion and without knowledge of its truth. As such, Allstate and Ray have violated §541.061 the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to Cohen, by:

(a) Misrepresenting an insurance policy by making an untrue statement of material fact. §541.061(a) Tex. Ins. Code;

(b) Misrepresenting an insurance policy by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made. §541.061(b) Tex. Ins. Code;

(c) Misrepresenting an insurance policy by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact. §541.061(c) Tex. Ins. Code;

(d) Misrepresenting an insurance policy by making a material misstatement of law. §541.061(c) Tex. Ins. Code;

Allstate's and Ray's misrepresentations were material and relied upon by Cohen to his detriment and constitute a violation of §541.061 of the TEX. INS. CODE. As such, Allstate's and Ray's misrepresentations and violations of the Texas Insurance Code were a producing cause of actual, incidental, special, and consequential damages to Cohen as set forth hereinbelow.

25. Without waiving the foregoing, but strictly relying upon the same, Cohen alleges that the actions and conduct of Allstate and Ray constitute actual fraud and fraudulent misrepresentation. Allstate and Ray represented to Cohen that the flood policy to be issued and issued covered his garage apartment and the contents located therein because it was situated on the same property has his main residence and shared the utilities with his main residence. All such representations were false and untrue. Allstate and Ray made the false representations knowing they were false or recklessly, as a positive assertion and without knowledge of its truth. Allstate's and Ray's representations were material because they constituted the basis for Cohen purchasing the Policy and caused Cohn to forego the purchase of an additional flood policy to cover the garage apartment and its contents. Cohen justifiably relied on Allstate's and Ray's false representation in purchasing the Policy. As a proximate result, Cohen has suffered actual, incidental, special, and consequential damages as set forth hereinbelow.

26. Without waiving the foregoing, but strictly relying upon the same, Cohen alleges that the actions and conduct of Allstate and Ray constitute negligent misrepresentation. Allstate and Ray represented to Cohen that the flood policy to be issued and issued covered his garage apartment and the contents located therein because it was situated on the same property has his main residence and shared the utilities with his main residence. All such representations were false and untrue. Allstate and Ray made the representations in the course of their business advising potential policyholders of the property that would be covered by the potential purchase of their insurance policy, in the course of a transaction in which they had a pecuniary interest and for the guidance of others including Cohen. Allstate's and Ray's representations were a misstatement of fact. Allstate and Ray did not use reasonable care in obtaining and communicating the information. Allstate's and Ray's representations were material because they constituted the basis for Cohen purchasing the Policy and

caused Cohn to forego the purchase of an additional flood policy to cover the garage apartment and its contents. Cohen justifiably relied on Allstate's and Ray's false representation in purchasing the Policy. As a proximate result, Cohen has suffered actual, incidental, special, and consequential damages as set forth hereinbelow.

27. Without waiving the foregoing, but strictly relying upon the same, Cohen alleges that the actions and conduct of Allstate and Ray violate the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") §17.41 *et. seq.* of the TEX. BUS. & COMM. CODE. Cohen is a consumer under the DTPA because he sought and acquired an insurance policy by purchase. Allstate and Ray engaged in false and misleading and deceptive acts or practices the Cohen relied upon to his detriment. Specifically, Allstate and Ray violated the DTPA when they represented to Cohen that the flood policy to be issued and issued covered his garage apartment and the contents located therein because it was situated on the same property has his main residence and shared the utilities with his main residence. These misrepresentation violate Section 17.46(b) and 17.50(a)(4) of the DTPA in the following manner:

(a) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have; 17.46(b)(5) DTPA.

(b) representing that goods or services are of a particular standard, quality, or grade if they are of another; 17.46(b)(7) DTPA.

(c) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; 17.46(b)(12) DTPA.

(d) failing to disclose information concerning goods or services which was known at the time transaction if such failure to disclose such information was intended to induce the consumer

into a transaction into which the consumer would not have entered had the information been disclosed; 17.46(b)(24) DTPA.

(e) the use or employment by any person of an act or practice in violation of Chapter 541 TEX. INS. CODE.

Allstate's and Ray's misrepresentations and violations of the DTPA were a producing cause of actual, incidental, special, and consequential damages to Cohen as set forth hereinbelow.

## DAMAGES

28. As a result of the actions and conduct complained of herein, Cohen is entitled to the recovery of all actual, incidental, special, and consequential damages sustained in an amount that exceeds the minimum jurisdictional limits of this court. These damages include, but are not limited to: damages to the contents within his main residence, the garage apartment and the contents located within the garage apartment.

29. Cohen is further entitled to the recovery of "additional" and/or "exemplary" damages due to the knowingly, grossly negligent, intentional, and/or malicious actions and conduct of the Allstate and Ray.

30. Cohen is further entitled to the recovery of its reasonable and necessary attorney's fees incurred in connection with this suit pursuant to law. Among other statutory basis, Cohen claims attorney's fees pursuant to §541 of the Tex. Ins. Code and §17.50 of the DTPA.

31. Cohen is further entitled to the recovery of pre-judgment and post-judgment interest herein at the maximum amount allowed by the common and statutory laws of the State of Texas.

32. Cohen is further entitled to the recovery of costs of court.

## DEMAND FOR JURY TRIAL

33. Pursuant to Rule 38 FED. R. CIV. P., Cohen demands a jury trial on all issues triable by a jury.

## PRAYER

34. WHEREFORE, PREMISES CONSIDERED, Plaintiff, Al Cohen ("Cohen"), prays that the Defendants, Allstate Insurance Company ("Allstate") and Rachael Ray ("Ray"), be cited to appear and answer herein, and that upon full and final trial herein, Cohen recover from Allstate and Ray, jointly and severally, all actual, incidental, special and consequential damages sustained as the result of the actions of Allstate and Ray, along with additional and exemplary damages, damages attributed to attorney's fees, costs of court, pre-judgment and post-judgment interest, and such other and further relief, whether general or special, at law and in equity, to which Plaintiff, Cohen may show himself justly entitled by this pleading or proper amendment hereto.

Respectfully submitted,

DURRETT LAW FIRM

_/s/ J. Brantley Durrett, III_
J. BRANTLEY DURRETT, III
State Bar Number 06287615
2800 Post Oak Boulevard, Suite 4100
Houston, Texas 77056
Telephone No.: (832) 390-2391
Telecopier No.: (888) 551-8183
*brant@durrettlaw.com*

ATTORNEY FOR PLAINTIFF,
AL COHEN