IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AL COHEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2484 |
| | § | |
| ALLSTATE INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

This is a flood insurance case. Allstate Insurance Company issued a "Write Your Own" Standard Flood Insurance Policy to Al Cohen. He sued Allstate over the amount it paid under the policy after a flood damaged his home and the contents within it. On March 2, 2018, the court granted Allstate's motion for summary judgment, holding that the policy's one-year statute of limitations barred Cohen's federal breach-of-contract claim and that federal law preempted his state-law claims. (Docket Entry No. 24). Cohen moved for reconsideration, based on the argument he previously raised that a July 19, 2016 letter from Allstate to Cohen was not a denial of all or part of the claim. (Docket Entry No. 26).

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."). A motion that asks the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e). *T-M Vacuum Products, Inc. v. TAISC, Inc.*, 2008 WL 2785636 at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "calls into question the correctness of a judgment."

1

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). The court has "considerable discretion" in addressing a motion for reconsideration. *Templet*, 367 F.3d at 479. Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Id.*; *see also* 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 WRIGHT & MILLER § 2810.1 at 127–28 (footnotes omitted).

Cohen cites *Westmoreland v. Fidelity National Indemnity Insurance Co.*, 2015 WL 3456634 (M.D. La. May 29, 2015), for the proposition that a denial based only on a request for evidence that prior property damage was repaired is not a denial of all or part of a claim. (Docket Entry No. 26). Allstate responds that *Westmoreland* does not apply or change the result. (Docket Entry No. 27).

In *Westmoreland*, the insurer partially denied the policyholder's claim based on damage from a prior flood loss, and the policyholder sued. The court considered whether Article VII(K)(2)(e) of the Standard Flood Insurance Policy covered prior flood damage that was paid for under the policy but the payment was not used to repair the damage. The policy gave the insurer the option to

2

"request, in writing, that [the insured] furnish [it] with a complete inventory of the lost, damaged or destroyed property, including . . . [e]vidence that prior flood damage has been repaired." *Id.* The court held that this language "does not indicate a coverage exclusion for prior unrepaired damages," but instead "merely provides the insurer with the option to request evidence of repair." *Id.* The insurer could not require "evidence of the repair of prior flood damages" as a "predicate" to policy payment. *Id.*

In *Westmoreland*, the court did not consider whether an insurer's denial of payment, followed by an opportunity for the policyholder to submit additional documents supporting the existence and extent of covered losses, denied all or part of a claim, and whether, as a result, the statute of limitations barred the policyholder's suit. Although *Westmoreland* interpreted Article VII(K)(2)(e), which Allstate also cited in its July 19, 2016 letter to Cohen, the court did not consider a letter like the one here. The letter here did not ask Cohen for evidence of prior repairs, but instead stated: "we must respectfully deny coverage for various items that you are claiming pending documentation of replacement from your client's prior flood loss," and that if Cohen did "not agree with our decision to deny your claim, in whole or in part," he could appeal that decision within 60 days of the denial letter. (Docket Entry No. 20, Ex. L).

When the United States has waived sovereign immunity to suit, courts narrowly construe the waiver conditions. *See Migliaro v. Fid. Nat'l Ins. Co.*, 880 F.3d 660, 667 (3d Cir. 2018) ("For the same reasons that we must narrowly construe the *type* of suit a policyholder may bring against a WYO carrier, we must also narrowly construe *when* a policyholder may bring suit." (emphasis in original)); *see also Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("When Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must

3

be strictly observed, and exceptions thereto are not to be lightly implied."). The July 19, 2016 letter is an express written denial of part of Cohen's claim, not merely a request for evidence of replacement, and therefore began the limitations period. Cohen sued more than a year later. The policy's one-year statute of limitations bars Cohen's breach-of-contract claim.

The motion to reconsider, (Docket Entry No. 26), is denied.

SIGNED on April 23, 2018, at Houston, Texas.

                                           Lee H. Rosenthal
                              Chief United States District Judge